IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID N. FIREWALKER-FIELDS, ) | |
|     Plaintiff, ) | Case No. 7:22-cv-00384 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| COMMONWEALTH OF VIRGINIA, ) | Chief United States District Judge |
| et al., ) | |
|     Defendants. ) | |

**MEMORANDUM OPINION**

David N. Firewalker-Fields, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against the Commonwealth of Virginia, the Virginia Department of Corrections ("VDOC"), and the Director of the VDOC, Harold Clarke. Firewalker-Fields claims that recent statutory amendments to Virginia's Earned Sentence Credit system violate the Equal Protection and Due Process Clauses of the Fourteenth Amendment. The case is now before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim against the named defendants.

**I.    Background**

In 1994, the Virginia General Assembly enacted legislation establishing the Earned Sentence Credit ("ESC") system. See Va. Code Ann. §§ 53.1-202.2–53.1-202.4. The system applies to any state inmate who was "convicted of a felony offense committed on or after January 1, 1995." Id. § 53.1-202.2. Prior to July 1, 2022, inmates could earn a maximum of 4.5 sentence credits for every 30 days served. See Id. § 53.1-202.3 (effective until July 1, 2022). As

of July 1, 2022, some inmates are eligible to earn sentence credits at a higher rate based on statutory amendments to the ESC system. An inmate's eligibility to earn enhanced sentence credits is based, at least in part, on the inmate's conviction. Inmates who are serving a sentence for certain enumerated felony convictions remain eligible for a "maximum of 4.5 sentence credits . . . for each 30 days served." Id. § 53.1-202.3(A) (effective July 1, 2022). However, inmates who are serving a sentence "[f]or any offense other than those enumerated in subsection A" and who have satisfied other statutory requirements may earn as many as 15 days of sentence credits for every 30 days served. Id. § 53.1-202.3(B).

The list of offenses in subsection (A) of § 53.1-202.3 includes "[a]ny felony offense in Article 5 (§ 18.2-372 et seq.) of Chapter 8 of Title 18.2, except for a violation of subsection A of § 18.2-374.1:1." Id. 53.1-202.3(A)(15). Firewalker-Fields alleges that he was convicted of violating Virginia Code § 18.2-374.3(B), which makes it a Class 6 felony "to use a communications system, including not limited to computers or computer networks or bulletin boards, or any other electronic means for the purposes of procuring or promoting the use of a minor for any activity in violation of § 18.2-370 or 18.2-374.1."* Because Firewalker-Fields was convicted of an offense in Article 5 of Chapter 8 of Title 18.2, he remains only eligible to earn up to 4.5 sentence credits for every 30 days served. Id. § 53.1-202.3(A)(15). Thus, he did not benefit from the amendments to the ESC system.

Firewalker-Fields claims that the amendments violate the Equal Protection Clause because they treat inmates differently depending on their prior convictions. He also claims

---

* Such activities include taking indecent liberties with children and producing child pornography. See Va. Code Ann. §§ 18.2-370 and 18.2-374.1.

2

that the amendments violate the Due Process Clause because they provide "no appellate procedure for inmates who believe that they qualify [for enhanced sentence credits]." Compl., ECF No. 1, at 3. He seeks to "force the Commonwealth to adopt a similar law for violent and sexual offenders" and to "force [the] DOC to implement [an] appeal process." Id. at 2.

## II.     Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While a complaint does not need "detailed factual allegations," merely offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotation marks omitted) (quoting Twombly, 550 U.S. at 555).

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible

on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

### III.  Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983[,] a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011)). Having reviewed the complaint in accordance with the applicable law, the court concludes that it fails to state a plausible claim for relief under § 1983 against any of the named defendants.

It is well settled that "a State is not a 'person' within the meaning of § 1983 . . . ." Will v. Mich. Dep't of State Police, 491 U.S. 58, 65 (1989). The same is true for state agencies. See Va. Office for Prot. & Advocacy v. Reinhard, 405 F.3d 185, 189 (4th Cir. 2005) (agreeing that a state agency "is not a 'person' within the meaning of [§ 1983]"). According, neither the Commonwealth of Virginia nor the VDOC is a proper defendant in this action.

Additionally, the complaint fails to state a plausible constitutional claim. The Equal Protection Clause, on which Firewalker-Fields first relies, provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. This provision "does not take away from the States all power of classification, but keeps governmental decisionmakers from treating differently persons who are in all relevant

4

respects alike." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks and citations omitted). "Thus, a plaintiff challenging a state statute on an equal protection basis 'must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.'" Kolbe v. Hogan, 849 F.3d 114, 146 (4th Cir. 2017) (quoting Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001)).

Here, Firewalker-Fields has not alleged any facts suggesting that he has been treated differently from others with whom he is similarly situated or "in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992). All state inmates who were convicted of particular felony offenses in Article 5 of Chapter 8 of Title 18.2 of the Code of Virginia are treated the same under the statutory amendments to the ESC system, and Firewalker-Fields does not identify any non-enumerated offense that is "similar enough" to his own to be a proper comparator. Doe v. Settle, 24 F.4th 932, 940 (4th Cir. 2022). Moreover, courts have recognized that sex offenders are not similarly situated to non-sex offenders, see Petitpas v. Martin, No. 20-3557, 2021 U.S. App. LEXIS 37889, at *5 (2d Cir. Dec. 22, 2021) (collecting cases), and that violent offenders "cannot expect to be afforded the same opportunities as non-violent offenders," Odueso v. Cooper, No. 3:20-cv-00478, 2020 U.S. Dist. LEXIS 249414, at *8 (W.D.N.C. Nov. 12, 2020). Therefore, Firewalker-Fields has not plausibly alleged that the preferential treatment given to inmates convicted of non-violent or non-sex offenses violates the Equal Protection Clause. See Klinger v. Dep't of Corr., 31 F.3d 727, 731 (8th Cir. 1994) ("Dissimilar treatment of dissimilarly situated persons does not violate equal protection.").

Firewalker-Fields has also failed to state a viable claim for denial of due process. To state a due process claim, "a plaintiff must first show that he has a constitutionally protected liberty or property interest, and that he has been deprived of that protected interest by some form of state action." Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988) (internal quotation marks and citations omitted). Unless the plaintiff makes such showing, "the question of what process is required and whether any provided could be adequate in the particular factual context is irrelevant, for the constitutional right to 'due process' is simply not implicated." Id.; see also Experimental Holdings, Inc. v. Farris, 503 F.3d 514, 519 (6th Cir. 2007) ("Without a protected liberty or property interest, there can be no federal procedural due process claim.") (citing Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 579 (1972)).

Firewalker-Field's complaint fails to articulate a constitutionally protected interest impacted by the amendments to the ESC system. Contrary to his assertions, state inmates in Virginia do not have protected liberty interest in earning sentence credits at a particular rate or level. See Dennis v. Clarke, No. 3:15-cv-00603, 2016 U.S. Dist. LEXIS 110036, at *18 (E.D. Va. Aug. 17, 2016) ("[I]t is well established that Virginia inmates do not enjoy a protected liberty interest in the rate at which they earn either Earned Sentence Credits or Good Conduct Allowances.") (collecting cases); see also Parks v. Clarke, No. 7:16-cv-00450, 2017 U.S. Dist. LEXIS 203284, at *7–8 (W.D. Va. Dec. 11, 2017) ("The statutory scheme for earning ESC is conditional and at the discretion of prison officials. Inmates do not have a protected liberty interest in earning a specific rate of good conduct time.") (citations omitted). In the absence of a protected interest, Firewalker-Fields cannot establish a violation of his right to due process.

### IV. Conclusion

For the foregoing reasons, the court concludes that the complaint is subject to dismissal for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

Entered: August 31, 2022

Michael F. Urbanski
Chief United States District Judge